IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN LITTLEJOHN, JR.,

       Plaintiff,                    No. CIV S-09-0773 JAM EFB P

   vs.

CLANTON, et al.,

       Defendants.         ORDER
_____/

      Plaintiff, a county prisoner proceeding without counsel, has filed a complaint seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1

1    The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2 screening, finds that it states a cognizable Eighth Amendment failure to protect claim against
3 defendant Clanton. *See* 28 U.S.C. § 1915A. The complaint does not state any other cognizable
4 claims. Plaintiff may proceed forthwith to serve defendant Clanton and pursue his claim against
5 only him or he may delay serving Clanton and attempt to state a cognizable claim against
6 additional defendants.

7    Plaintiff alleges that he is being set up to be killed because officer Clanton is keeping
8 plaintiff "in the pod instead of T-sepping [plaintiff] from harm," even though Clanton is aware
9 that plaintiff has enemies in the pod. Compl. at 2. Plaintiff claims he needs protection from
10 other inmates. While plaintiff names other individuals in the body of his complaint, plaintiff
11 does not identify any of them as defendants, nor does plaintiff allege that any of them violated
12 his constitutional rights.

13    The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

17 42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts
18 establish the defendant's personal involvement in the constitutional deprivation or a causal
19 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
20 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
21 (9th Cir. 1978). Plaintiff may not sue any supervisor on a theory that the supervisor is liable for
22 the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A
23 supervisor may be held liable in his or her individual capacity "'for his own culpable action or
24 inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland,*
25 *Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630,
26 646 (9th Cir. 1991)). To state a claim against any individual defendant, the plaintiff must allege

facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Taylor*, 880 F.2d at 1045.

To the extent plaintiff wishes to state a claim for violation of his Eighth Amendment rights against a person other than defendant Clanton, the court notes that the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37. Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against additional defendants, he has 30 days so to do. He is not obligated to amend his complaint.
////

However, if plaintiff elects to proceed forthwith against defendant Clanton, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all remaining claims without prejudice.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

////

1  An amended complaint must be complete in itself without reference to any prior
2  pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
3  files an amended complaint, the original pleading is superseded.

4  By signing an amended complaint plaintiff certifies he has made reasonable inquiry and
5  has evidentiary support for his allegations and that for violation of this rule the court may impose
6  sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

7  A prisoner may bring no § 1983 action until he has exhausted such administrative
8  remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
9  *v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any
10 departmental decision, action, condition, or policy which they can demonstrate as having an
11 adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must
12 be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and
13 "action requested." Therefore, this court ordinarily will review only claims against prison
14 officials within the scope of the problem reported in a CDC form 602 or an interview or claims
15 that were or should have been uncovered in the review promised by the department. Plaintiff is
16 further admonished that by signing an amended complaint he certifies his claims are warranted
17 by existing law, including the law that he exhaust administrative remedies, and that for violation
18 of this rule plaintiff risks dismissal of his entire action, including his claims against defendant
19 Clanton.

20  Accordingly, the court hereby orders that:

21  1. Plaintiff's request to proceed *in forma pauperis* is granted.

22  2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall
23 be collected and paid in accordance with the notice to the Office of the Sacramento County
24 Sheriff filed concurrently herewith.

25 ////
26 ////

3. The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment failure to protect claim against defendant Clanton. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 19, 2009, one USM-285 form and instructions for service of process on defendant Clanton. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the March 19, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Clanton will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

4. Alternatively, within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against additional defendants. Plaintiff is not obligated to amend his complaint.

Dated: September 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN LITTLEJOHN, JR.,

      Plaintiff,                      No. CIV S-09-0773 JAM EFB P

     vs.

CLANTON, et al.,

      Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__      completed summons form

        __1__      completed forms USM-285

        __2__      copies of the March 19, 2009 Complaint

Dated:

                                            Plaintiff

8